IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jamie P., | ) | Case No.: 2:22-cv-03206-JD-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Martin J. O'Malley,[1] Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker ("Report and Recommendation" or "Report" or "R&R") pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff Jamie P.[2] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g), as amended, seeking judicial review of a final decision of Defendant Martin J. O'Malley, Commissioner of Social Security ("Defendant" or "Commissioner"), denying her Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"). The Magistrate Judge issued a Report and Recommendation on December 13, 2023, recommending the Commissioner's decision be reversed and remanded for an award of benefits. (DE 23.)

On January 12, 2024, Defendant filed an Objection to the Report and Recommendation, contending, "**This is Not the Rare Case in Which it is Clear that An ALJ Decision Denying Benefits, Properly Explained, Could Not be Supported by Substantial Evidence in the**

---

[1] Martin J. O'Malley was sworn in as the Commissioner of the Social Security Administration on December 20, 2023. Accordingly, he is automatically substituted for Kilolo Kijakazi, Acting Commissioner of Social Security.

[2] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

1

**Record."** (DE 24, p. 1) (emphasis in original.) Plaintiff filed a reply in opposition. (DE 25.) Having carefully considered Defendant's objection and the applicable law, the Court reverses the decision of the Commissioner and remands for an award of benefits.

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. (DE 23.) However, as a brief background relating to the objections raised by the Commissioner, the Court provides this summary. Plaintiff was 40 years old on her alleged disability onset date, August 19, 2010. (DE 13-3, p. 2, 14.) Plaintiff seeks DIB based upon complaints, among others, of pancreatitis, surgery not healing, unpredictable pain, irritable bowel syndrome ("IBS"), gastroesophageal reflux disease ("GERD"), allergies, slow digestion, constant pain, anxiety, and depression. (Id.) Plaintiff has past relevant work as a head teller and customer service representative. (DE 13-14, p. 20.)

On October 25, 2013, Plaintiff filed an application for DIB, and her application was denied initially and on reconsideration. (DE 13-2, pp. 12, 25.) This matter was remanded twice before, and the third unfavorable ALJ decision issued on May 20, 2022, is the Commissioner's final decision for purposes of judicial review and is the subject of this action. (DE 13-13, pp. 2-28.)

## LEGAL STANDARD

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. See 28 U.S.C. § 636(b)(l). However, *de novo* review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific

2

error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is limited. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[3] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence and reached through the application of the correct legal standard. See Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitute the court's findings for those of the Commissioner. See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for

---

[3] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only— "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

that of the ALJ." Johnson, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id.

## **DISCUSSION**

Defendant objects to the Report and Recommendation, stating "more than a mere scintilla of evidence supported the ALJ's finding that Plaintiff's subjective allegations were not entirely consistent with the evidence" and

> Here, there was at least conflicting evidence in the record. *See Carr*, 2022 WL 301540, at *3 (stating that in such circumstances, the appropriate remedy is remand for further proceedings) (citation omitted). Unlike in *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020), the record in this case does not contain "undisputed evidence" that "compels [the court] to conclude that [Plaintiff] was unable to sustain full-time work—eight hours a day, five days a week—during the relevant period." *Id.* 983 F.3d at 111 (reversing and remanding for award of benefits because the record "clearly established" plaintiff's disability and ALJ made several legal and factual errors and exhibited a pervasive misunderstanding of fibromyalgia).

(DE 24, p. 6.) In the alternative, Defendant contends, "if this Court determines that remand is appropriate, it [should] remand the case for further proceedings, not with award of benefits." (Id. at 8.)

The Court disagrees with both objections. First, as to substantial evidence in the record to support the ALJ's decision, Defendant does not address the "Treating Physician Rule" under the regulation in effect at the time of Plaintiff's claim. The Report properly notes the Social Security Administration has amended the "Treating Physician Rule," effective March 27, 2017, for claims filed after that date (see 20 C.F.R. § 416.920c; see also Marshall v. Berryhill, No. 16-cv-00666-BAS-PCL, 2017 WL 2060658, at *3 n.4 (S.D. Cal. May 12, 2017). Under the new rule, the Social Security Administration will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of

4

supportability and consistency (see 20 C.F.R. § 404.1520c(a), (c)(1)-(2)), but since Plaintiff's claim was filed before the effective date of the change, the decision is reviewed under the regulation in effect at that time, 20 C.F.R. § 404.1527.

While Defendant's objection notes Plaintiff's treating physicians' medical opinions on whether Plaintiff is disabled, the objection cites evidence the ALJ weighed in assessing Plaintiff's Residual Functional Capacity (RFC) for sedentary work (DE 13-3, pp. 11-20), to include Plaintiff's treatment, which managed her abdominal/gastrointestinal issues (Id. at 13-14) (discussing Plaintiff's abdominal-related medications and noting that after December 2011, there were no significantly abnormal findings); (id. at 15) (noting medication therapy from August 2015 through December 2015 managed Plaintiff's abdominal/gastrointestinal-related symptoms). Nevertheless, these findings cannot outweigh the controlling weight of Plaintiff's treating physicians—gastroenterologist Dr. James Schnell and primary care physician Dr. JoAnn Hiott's—opinions consistent with Plaintiff's testimony under the pre-March 27, 2017, applicable regulations. In addition, the Report notes that the ALJ did not cite any evidence contradicting these treating physicians' opinions or that their opinions were based on medically unacceptable clinical or laboratory diagnostic techniques. (DE 23, p. 12.) Further, the testimony by the vocational expert (VE) at Plaintiff's hearing on October 14, 2015, supports the finding that she is disabled, as the VE testified that the need for an individual to take two unscheduled breaks during an 8-hour workday of up to 15 minutes duration would eliminate the jobs that she identified in her testimony (and thus presumably all jobs in the national economy). (DE 13-2, p. 100.) Therefore, the Court overrules this objection.

As to Defendant's second objection regarding a remand for an award of benefits, the Court agrees with Plaintiff that had "Plaintiff's testimony and the opinions of her treating physicians in the instant case [] been "properly credited," a finding of disability would [sic] clearly be warranted" (DE 25, p. 5), and therefore, remand for benefits is appropriate. In addition, the Court agrees with the reasoning in Arakas v. Comm'r of Soc. Sec., 983 F.3d 83 (4th Cir. 2020):

> remanding the case for yet another ALJ hearing would be not only pointless, but also unjust. Despite having a meritorious claim, Arakas has been denied disability benefits and forced to undergo costly litigation for ten years, solely because of the agency's errors. After multiple denials and reconsideration requests, two ALJ hearings, and two federal suits, we simply cannot delay justice any longer. Therefore, we reverse and remand the case to the Commissioner for a calculation of disability benefits. *Arakas,* 983 F.3d at 106.

In this case, Plaintiff applied for DIB in October 2013, and her case has now been before ALJs on three separate occasions dating back to her first hearing in October 2015.[4] The Commissioner has now had three opportunities to issue a proper decision regarding Plaintiff's disability claim, supported by substantial evidence under the applicable regulations, but has failed to do so on all three occasions. Under these circumstances, it would be unjust to give the Commissioner yet a fourth opportunity, and therefore, remand for an award of benefits is appropriate. Defendant's objection is overruled.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation (DE 23), reverses the Commissioner's decision, and remands this case for an award of benefits.

---

[4] The Court does note the Report properly points out that one of the prior remands in this case was pursuant to the Commissioner's request to remand for further proceedings. (DE 23, p. 2.)

**AND IT IS SO ORDERED.**

                                                  Joseph Dawson, III
                                                  United States District Judge

Florence, South Carolina
February 16, 2024